UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL C. MURRAY,

        Petitioner,

    v.

SUZAN L. HUBBARD, Warden,

        Respondent.
_____/

No. C-11-2943 EMC (pr)

**ORDER TO SHOW CAUSE**

## I.   INTRODUCTION

Paul C. Murray, an inmate at the California State Prison in Corcoran, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II.   BACKGROUND

The petition and attachments thereto provide the following information: Murray was charged in Alameda County Superior Court with several crimes based on two criminal episodes. After the court denied his motion to sever the trials, Murray pled no contest to two counts of second degree robbery and admitted that he had a prior felony conviction. He then was tried on the charges from the second episode, and was convicted of first degree murder, attempted murder, and being a felon in possession of a firearm. Sentence enhancement allegations were found true. On May 28, 2008, Murray was sentenced to life without the possibility of parole on the murder charge, and execution of sentence on all other counts was stayed.

Murray appealed. The judgment of conviction was affirmed by the California Court of Appeal in 2008 and the petition for review was denied by the California Supreme Court in 2010. Murray filed a state habeas petition that was denied in 2011. He then filed this action.

### III.  DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) Murray's rights to due process and trial by jury were violated when the trial court denied his motion to sever the trial of several counts; (2) his right to confront witnesses was violated when the trial court denied his request for information about the identity of an informant against him; (3) the restitution imposed denied him his rights to a fair trial and due process; (4) the restitution fine was inappropriate: (5) he was denied his right to effective assistance of counsel in that counsel failed to object to the fine imposed and failed to request an express determination of Murray's ability to pay the fine; (6) "the court cannot conclude that petitioner did not petition the court in a timely manner in sentencing issues," Docket # 1 (petition) at 19; (7) "restitution fines do not apply when a sentence of life without parole has been imposed," *id.* at 20; (8) the cumulative effect of the errors denied Murray of his right to due process; (9) he received ineffective assistance of counsel on appeal when counsel failed to raise the foregoing claims on appeal; (10) the admission of evidence that two witnesses identified Murray in surveillance photos violated his rights to due process and trial by jury; (11) the admission of other crimes evidence violated his right to due process; (12) the admission of evidence about Murray's tattoos denied him due process; and (13) "allowing the victim's widow to testify was a manifest

1  abuse of discretion," *id.* at 57.[1]  Liberally construed, Claims 1-3, 5, and 8-12 appear to be cognizable
2  in a federal habeas action and warrant a response.

3        Claims 4, 7 and 13 are dismissed because they are claims for violations of state law or error
4  in the application of state law.  A petitioner can obtain a federal writ of habeas corpus only on the
5  ground that she is in custody in violation of the Constitution or laws or treaties of the United States.
6  28 U.S.C. § 2254(a).  In other words, "it is only noncompliance with *federal* law that renders a
7  State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*,
8  131 S. Ct. 13, 16 (2010) (emphasis in original).  Federal habeas relief is unavailable for violations of
9  state law or for alleged error in the interpretation or application of state law. *See Swarthout v.*
10 *Cooke*, 131 S. Ct. 859, 861-62 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v.*
11 *Isaac*, 456 U.S. 107, 119 (1982).

12       Claim 6 is dismissed because it is an argument for the Court to consider other claims, and is
13 not itself a claim.

14       Murray has filed a request for appointment of counsel to represent him in this action.  A
15 district court may appoint counsel to represent a habeas petitioner whenever "the court determines
16 that the interests of justice so require and such person is financially unable to obtain representation."
17 18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within the discretion of the district
18 court.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is mandatory only
19 when the circumstances of a particular case indicate that appointed counsel is necessary to prevent
20 due process violations.  *See id.*  The interests of justice do not require appointment of counsel at this
21 time.  The request for appointment of counsel is **DENIED**.  (Docket # 3.)
22 ///
23 ///
24 ///
25 ///
26

---

27   [1] With regard to Claim 13, Murray did mention the rights to due process and a fair trial, but
28 he did not assert a claim for a violation of the Sixth and/or Fourteenth Amendment rights and instead cast the claim as a state law evidentiary error. *See* Docket # 1 at 59-60.

3

## IV. CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response. Claims 4, 6, 7 and 13 are dismissed.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **December 23, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **January 27, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED.** (Docket # 2.) Petitioner's motion for appointment of counsel is **DENIED**. (Docket # 3.)

IT IS SO ORDERED.

Dated: October 21, 2011

EDWARD M. CHEN
United States District Judge

4