UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. MURRAY,<br><br>    Petitioner,<br><br>    v.<br><br>SUZAN L. HUBBARD, Warden,<br><br>    Respondent.<br>_____/ | No. C-11-2943 EMC (pr)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR STAY; AND GRANTING PETITIONER'S MOTION FOR EXTENSION OF TRAVERSE DEADLINE**<br><br>**(Docket Nos. 15, 19)** |

In this action for a writ of habeas corpus under 28 U.S.C. § 2254, Paul C. Murray challenges his 2008 conviction from Alameda County Superior Court. He was convicted of first degree murder, attempted murder, and being a felon in possession of a firearm based on an incident on August 23, 2003, in which one employee was killed and another severely wounded during a robbery of the Seminary Gas & Food Mart in Oakland.[1] For a month, the gunman's "identity remained a mystery until the surveillance video recordings were shown on television and an anonymous informant identified him to police as Paul Murray." Resp. Ex. D-8 (Cal. Ct. App. Opinion), p. 2. Murray then was identified by his mother-in-law and his wife as the gunman in the surveillance photos. The wounded employee could not identify Murray in a photo line-up, but did identify him at the preliminary hearing and trial.

Murray has filed a motion for a stay and abeyance of these proceedings so that he may exhaust state court remedies for an actual innocence claim. In his motion, Murray states that he

---

[1] Murray also was convicted in the same case of two robberies based on a different incident. Those crimes are not relevant to consideration of Murray's motion for a stay and abeyance.

"only recently learned of a chance meeting between an acquaintance of his and an apparent eye-witness to the August 23, 2003, felony-murder and shooting that took place at the Seminary Gas & Food Mart, in Oakland. . . .  These eye-witnesses, particularly the one inside the Food Mart, is actually shown thereon the store's video-surveillance tapes, being told by the perpetrator, whom the witnesses personally know, to leave the Food Mart because he was robbing it." Docket # 17, p. 3 (errors in source).  Murray identifies no unexhausted claim other than an actual innocence claim based on this information.

The U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions in *Rhines v. Weber*, 544 U.S. 269 (2005).  The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277.  A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78.[2]

Murray does not qualify for a stay because he has not shown that his claim is not "plainly meritless," *Rhines*, 544 U.S. at 277.  Whether a freestanding actual innocence claim could support federal habeas relief is an open question. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state

---

[2] There is an alternative stay procedure available under *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009), and *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), for a petitioner who cannot show good cause for his failure to first exhaust state court remedies.  A *King*/*Kelly* stay would not be appropriate here because Murray's problem is not that he cannot show good cause for his failure to first exhaust state court remedies.  The *King/Kelly* stay procedure does not eliminate the requirement that there must be potential merit to the claim the petitioner wants to exhaust in state court.

criminal proceeding."); *District Attorney's Office For the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 71 (2009) (whether there is a federal constitutional right to release upon proof of actual innocence "is an open question"). Assuming for present purposes that an actual innocence claim could support federal habeas relief, "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Herrera*, 506 U.S. at 417.

Murray's presentation is so devoid of detail that it comes nowhere near to reaching that extraordinarily high threshold showing. Murray has not provided the name of his acquaintance or the name of the alleged eyewitness, and he has not identified who the witness saw at the store. He also has not provided any statement under oath or penalty of perjury from the alleged eyewitness or even from the person who talked to the alleged eyewitness. The statements of these new witnesses would be met with skepticism if made under oath, and the second-hand recitation of the statements not under oath is met with even more skepticism. *See id.* at 418 ("'[I]t is . . . reasonable to presume that there is something suspect about a defense witness who is not identified until after the 11th hour has passed'"); *see also id.* at 417 (post-trial affidavits obtained without the benefit of cross-examination "are particularly suspect"). Most importantly, the substance of the new evidence does not demonstrate actual innocence. If the alleged eyewitness provides a declaration to the effect that someone other than Murray was the robber/murderer, that would only create a conflict with the three witnesses who identified Murray from surveillance photos or in person. *See Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997) (en banc) (new evidence that "serves only to undercut the evidence presented at trial, [and] not affirmatively prove [defendant's] innocence" does not satisfy the extraordinarily high showing required to establish a freestanding claim of actual innocence).

The motion for a stay and abeyance is **DENIED** due to Murray's failure to show that his unexhausted claim is not plainly meritless. (Docket # 19.) The Court will proceed with adjudication of the exhausted claims that were in the petition for writ of habeas corpus.

Murray's request for an extension of time to file his traverse is **GRANTED**. (Docket # 15.) Murray must file and serve his traverse no later than **October 19, 2012**.

Finally, the Court notes two errors by Murray. First, he sent his motion for an extension of time to the mailing address for the U.S. Bankruptcy Court, rather than the U.S. District Court. He

should mail all future filings to the U.S. District Court at 450 Golden Gate Avenue, San Francisco, CA 94102.  Second, several of the documents in support of his request for an extension of time were not signed by him.  Murray is cautioned that all of his filings must be signed.

    IT IS SO ORDERED.

Dated: September 14, 2012

_____
EDWARD M. CHEN
United States District Judge

4